J-S47044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| L.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.H. | : | |
| | : | |
| Appellant | : | No. 1879 EDA 2025 |

Appeal from the Order Entered July 14, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2024-004462

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JANUARY 16, 2026**

C.H. ("Father") appeals pro se from the order granting L.W. ("Mother")

sole legal custody and primary physical custody of the parties' child, C.H.,

born April 2023, and granting Father partial physical custody. We affirm.

The trial court set forth the relevant factual and procedural history:

On or around May 20, 2024, Mother filed a [c]omplaint in [c]ustody, in which she alleged Father has a history of abuse, Protection from Abuse ("PFA") violations, and a criminal record. This custody matter was originally assigned to the Honorable William C. Mackrides, who on September 23, 2024, following a pretrial conference, ordered the parties to submit to a custody evaluation. Mother participated in the custody evaluation, but Father did not. Judge Mackrides also ordered Father to submit to a psychological evaluation by Dr. Richard Roeder. Father never submitted to the psychological evaluation.

Following reassignment, this trial court scheduled the custody matter for trial to be held on June 11, 2025. About a week prior to trial, Father emailed court staff and asked for a new trial date, stating he had an eye infection that would preclude him from attending proceedings for the month of June. Father

provided no medical documentation and when asked to do so, did not file a proper continuance form. Father also asked court staff how to transfer this matter to the Pennsylvania Superior Court. Still, the trial court continued the matter to July 9, 2025, and court staff informed Father of this in writing via email on June 2, 2025[,] as well as by mail in accordance with standard court procedures.

Close in time to the rescheduled trial, Father again contacted court staff and insisted he could not attend court on July 9, 2025. At trial, a court employee credibly testified that she made repeated efforts to communicate with Father over the phone and email, telling him he had to file a formal continuance if he wanted another continuance and providing him with the continuance form. The court employee credibly testified that she offered to accept medical documentation in lieu of a continuance form, but that Father did not provide medical documentation. The court employee credibly testified that Father refused to submit a continuance form and told her he would not be attending the trial date because his health was more important than attending.

At trial, Mother credibly testified as to Father's history of domestic violence and to the fact that she completes all the parental duties for the Child. The trial court weighed the sixteen best interest factors and found that thirteen of those factors favored Mother, and that three factors (preference of the child, proximity of the houses, and any other relevant factor) favored no party. …

The trial court then considered what type of partial physical custody for Father, if any, was appropriate. Notably, the custody evaluator recommended that the trial court grant Mother sole physical custody, with no visitation at all for Father. The trial court reviewed Kaydens Law, which indicates that if a court finds an ongoing risk of abuse to a child by a preponderance of the evidence, a rebuttable presumption allowing only supervised physical custody applies. *See* 23 Pa.C.S. § 5323(e.1). Based on its crediting Mother's testimony regarding Father's history of domestic violence, the trial court found the presumption applies and granted only supervised physical custody to Father. Father's appeal followed.

Trial Court Opinion, 8/26/2025, 1-3 (some citations omitted).

Father filed a timely notice of appeal but did not contemporaneously file his concise statement of errors complained of on appeal as required. **See** Pa.R.A.P. 1925(a)(2)(i). On July 22, 2025, the trial court ordered Father to file a concise statement of matters complained of on within twenty-one days, and Father complied.[1]

At the outset, we note that Father's brief fails in many respects to comply with our Rules of Appellate Procedure. It does not include a statement of questions presented, the "Order or other determination in question," and "Statement of both the scope of review and the standard of review," all of which are required portions of his appellate brief. **See** Pa.R.A.P. 2111(a), 2116(a). Furthermore, Father's entire argument section, recited in its entirety below, consists of bald claims of due process violations and judicial misconduct:

> **I. Procedural Due Process Violations**
> Due process requires notice and an opportunity to be heard. **Armstrong v. Manzo**, 380 U.S. 545 (1965). [Father's] timely communication was ignored; judgment was entered in absentia. Such conduct denies fundamental fairness.
>
> **II. Substantive Due Process Violations**
> The right to custody and companionship of one's child is a protected liberty interest. **Santosky v. Kramer**, 455 U.S. 745

---

[1] As the parties suffered no prejudice by Father's failure to file his concise statement with his notice of appeal, we decline to find Father's claims waived on this basis. **See In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (declining to find waiver based on failure to file a 1925(b) statement contemporaneously with a children's fast track appeal absent prejudice to the parties).

(1982). The court acted without compelling reason and therefore abused its discretion.

### III. Equal Protection and Judicial Misconduct
[Father] was treated differently from similarly situated litigants. Clerks and the presiding judge displayed bias and unprofessional behavior contrary to Canon 2 of the Pennsylvania Code of Judicial Conduct. This eroded the appearance of impartiality required by law.

Father's Brief at 2 (unnumbered).

Father's claims do not include meaningful discussion or developed analysis of the issues he seeks to raise. *See* Pa.R.A.P. 2119(a) (argument must contain "such discussion and citation of authorities as are deemed pertinent"); *see also Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014) (stating "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter") (citation omitted). Although we are "willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." *Jordan v. Pennsylvania State Univ.*, 276 A.3d 751, 761 (Pa. Super. 2022) (citation, brackets, and emphasis omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014).

Despite our best efforts, we are unable to discern what Father is challenging in his third issue on appeal. He fails to identify the "similarly situated litigants" he alludes to or explain how he was "treated differently." As such, we conclude that this claim is waived on appeal. *See Umbelina v.*

*Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

His substantive due process claim suffers similarly. *See id.* Additionally, he failed to raise this claim in his concise statement of errors complained of on appeal, resulting in its waiver on that basis as well. *See* Pa.R.A.P. 1925(b)(4)(vii).

Turning to his first claim, Father argues that the trial court violated his right to due process by ignoring his timely communication and holding the hearing without his presence. Father's Brief at 2 (unnumbered).

> In custody hearings, parents have at stake fundamental rights: namely, the right to make decisions concerning the care, custody, and control of their child. Due process must be afforded to parents to safeguard these constitutional rights. Formal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of her child. It is well settled that procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Due process is flexible and calls for such procedural protections as the situation demands.

*S.T. v. R.W.*, 192 A.3d 1155, 1160-61 (Pa. Super. 2018) (citations, quotation marks, paragraph break, and emphasis omitted). "A question regarding whether a due process violation occurred is a question of law for which the

- 5 -

standard of review is *de novo* and the scope of review is plenary." ***Int. of***

***S.L.***, 202 A.3d 723, 729 (Pa. Super. 2019) (citation omitted).

The trial court addressed Father's claim as follows:

The trial court provided Father with adequate notice of his initial June 11, 2025 court date. On or around June 2, 2025, Father emailed court staff asking for a continuance, insisting he could not fill out a continuance form. The trial court granted a continuance that day, rescheduling the matter for July 9, 2025, outside of the time window in which Father claimed without evidence that he could not participate. Father was advised same day via email as well as regular mail in accordance with standard court procedures. ***See*** Appendix A [(trial court attached various emails sent to the trial judge's administrative assistant, wherein Father seeks a continuance and transfer of the matter to this Court)]. That is more than a month's worth of notice. Father clearly had notice of the hearing. A court employee credibly testified that she made repeated efforts over phone and email to work with Father, but he refused to file a continuance (despite being given the form by the employee) and did not submit any medical documentation suggesting he could not participate in proceedings or complete the continuance form.

Trial Court Opinion, 8/26/2025, at 4-5.

What we have in the certified record before us supports the trial court's

findings.[2] Father had notice of the July 9, 2025 hearing, which was

---

[2] We note Father did not order or pay for preparation of the transcript of the July 9, 2025 hearing. It is well settled that the appellant is obligated to order the necessary transcripts for an appeal. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) ("With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal.") (citing Pa.R.A.P. 1911(a)); ***see also Commonwealth v. Stauffenberg***, 318 A.3d 399, 410 (Pa. Super. 2024) ("In general, it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review.") (citation omitted). "It is not proper
*(Footnote Continued Next Page)*

rescheduled at Father's request. In fact, Father does not rebut the trial court's findings that he contacted court staff indicating that he would not attend the July 9 hearing, exhibiting his knowledge of the hearing date. Nor does he contest the court's finding that court staff repeatedly responded to Father's demand that the trial court, again, reschedule the hearing set for July 9 (which, again, had been continued based upon Father's unsubstantiated claim that he was suffering from a medical condition). He failed to comply with any of the methods provided to him by court staff to seek a continuance and/or to substantiate his claim that he was again unable to attend the scheduled hearing.

Simply put, there is absolutely no support for Father's contention that his "timely communication was ignored." Therefore, Father has not established that his due process rights were violated, as he had notice of the hearing and was provided the opportunity to be heard.

Order affirmed.

_____

for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Preston**, 904 A.2d at 7.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/16/2026